UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**L.C., individually and on behalf of
G.C., a minor,**

  Plaintiffs,

v.            Case No. 8:18-cv-1066-T-23AAS

**PINELLAS COUNTY SCHOOL BOARD,**

  **Defendant.**
_____/

## ORDER

Pinellas County School Board moves to stay discovery pending resolution of its motion to dismiss. (Doc. 50). The plaintiffs agree with the School Board's request to stay discovery. (Doc. 63).

A court, for good cause, may stay discovery to protect parties from undue burden or expense. Fed. R. Civ. P. 26(c); *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1558–59 (11th Cir. 1985) (citation omitted). No discovery is necessary to determine the legal sufficiency of claims or defenses. *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.2 (11th Cir. 2002) (citation omitted). Disposing nonmeritorious claims prevents litigants from incurring unnecessary discovery costs. *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367–68 (11th Cir. 1997).

Pleadings govern the scope of discovery. *See* Fed. R. Civ. P. 26(b)(1) (allowing parties to obtain discovery "relevant to any party's claim or defense"). A court should

1

stay discovery when the scope of discovery under Rule 26(b)(1) could change. *See Chudasama*, 123 F.3d at 1368 (discussing how district court hindered the needs-of-the-case analysis under Rule 26 when the court permitted discovery to continue while dispositive motion remained pending).

Good cause exists to stay discovery pending resolution of the School Board's motion to dismiss. The December 17th order dismissed L.C.'s original complaint because the complaint failed to plausibly allege a claim for relief under federal law. (Doc. 34). The December 17th order declined to exercise supplemental jurisdiction over L.C.'s state-law claims. (*Id.* at 11). In its current motion to dismiss, the School Board argues the plaintiffs' amended complaint also fails to plausibly allege a claim for relief under federal law. (Doc. 49). No discovery is necessary to determine the legal sufficiency of the amended complaint's federal-law claims. Staying discovery therefore will prevent the parties from incurring unnecessary costs.

Further, the scope of discovery under Rule 26(b)(1) is indeterminable because the School Board will not answer the plaintiffs' complaint until after its motion to dismiss is resolved. So, deciding whether discovery requests are relevant to the School Board's defenses is currently impossible.

Staying discovery is particularly appropriate considering the sensitive nature of this case and current discovery motions. For example, the School Board intends to depose G.C., the minor sexually assaulted at a Pinellas County school. (Docs. 56, 62). Requiring G.C. to testify about his sexual assault when the plaintiffs' amended

complaint could be dismissed is unnecessary.

* * *

No discovery is necessary to determine the legal sufficiency of the plaintiffs' amended complaint. Without the School Board's answer, the scope of discovery under Rule 26(b)(1) is indeterminable. And the sensitive nature of this case weighs in favor of staying discovery. The following is therefore **ORDERED**:

1. The School Board's motion to stay discovery pending resolution of its motion to dismiss (Doc. 50) is **GRANTED**.

2. All pending discovery motions (Docs. 43, 54, 55, 56, 57, 58) are **DENIED WITHOUT PREJUDICE**.

3. The motion to extend case deadlines (Doc. 52) is **DENIED AS MOOT**.[1]

4. The February 20th discovery conference is **CANCELLED**.

**ENTERED** in Tampa, Florida, on February 13, 2019.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[1] The School Board stated the motion to extend case deadlines is moot if discovery is stayed. (Doc. 52, p. 1 n.1).